IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARINA RODRIGUEZ,

        Plaintiff,                    No.  03:12-cv-01223-HU

     v.

CENTRAL SCHOOL DISTRICT             ORDER
13J, an Oregon Special District,

        Defendant.

HERNANDEZ, District Judge:

     Magistrate Judge Hubel issued a Findings and Recommendation (#64) on October 4, 2013, in which he recommends the Court grant in part and deny in part Defendant's motion for summary judgment.  Specifically, Judge Hubel recommends that Defendant's motion for summary judgment be granted as to Plaintiff's First and Second Claims for relief alleging disparate treatment employment discrimination in violation of 42 U.S.C. § 1981 and Oregon Revised Statute § (O.R.S.) 659A.030, and be granted as to Plaintiff's Sixth Claim for Relief

1 - ORDER

alleging intentional infliction of emotional distress. He recommends that the motion be denied as to Plaintiff's Third, Fourth, and Fifth Claims for Relief alleging hostile environment employment discrimination based on 42 U.S.C. § 1981, O.R.S. 659A.030, and Title VII.

Defendant has timely filed objections to the portion of the Findings and Recommendation regarding the hostile environment claims. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

I have carefully considered Defendant's objections and conclude that other than one issued regarding the Third Claim for Relief discussed below, there is no basis to modify the Findings and Recommendation. I have also reviewed the pertinent portions of the record *de novo* and find no other errors in the Magistrate Judge's Findings and Recommendation.

In discussing Plaintiff's Third, Fourth, and Fifth Claims for Relief which all raise a claim of hostile work environment based on racial harassment, Judge Hubel observed that other than citing three different statutes as a basis for relief, the claims were identical. Oct. 4, 2013 Findings & Rec. at 19. He discussed all of these claims together because he properly noted that the substantive hostile environment portions of the Title VII and 42 U.S.C. § 1981 claims contain the same elements and are governed by the same legal principles. Id. at 20.[1]

---

[1] He also previously explained that employment discrimination claims under O.R.S. Chapter 659A use the same analysis as Title VII claims. Oct. 4, 2013 Findings & Rec. at 13-14.

2 - ORDER

However, there are important distinctions between the section 1981 and Title VII claims. First, Title VII places limits on a plaintiff's damages while section 1981 does not. <u>Pavon v. Swift Transp. Co.</u>, 192 F.3d 902, 910-11 (9th Cir. 1999) (section 1981 plaintiff is not limited to Title VII's damages caps). Second, section 1981 requires a plaintiff to establish, in addition to the substantive portion of the hostile environment claim, that the challenged conduct was taken pursuant to an official policy, custom, or practice. See <u>Jett v. Dallas Indep. Sch. Dist.</u>, 491 U.S. 701, 733-36 (1989); <u>Fed'n of African Am. Contractors. v. City of Oakland</u>, 96 F.3d 1204, 1214–15 (9th Cir. 1996) (holding that there is no respondeat superior liability for state actors sued under section 1981, and therefore section 1981 plaintiffs must still prove a "policy or custom" of discrimination as required by <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978)).[2] Therefore, while the substantive hostile environment elements are identical among the Title VII, Oregon Chapter 659A, and section 1981 claims, the additional elements for a section 1981 claim must be addressed.

Defendant argues that Plaintiff fails to establish that the alleged harassing conduct at issue in this case was taken pursuant to an official district policy, practice, or custom. In response to Defendant's summary judgment motion on this issue, Plaintiff argued that Defendant failed to take corrective steps to address Plaintiff's complaints and that it failed to train Food Services Director Vetter or VanHorn on discrimination issues until after Plaintiff was hospitalized. Pl.'s Opp'n Mem. at 27. She contends that the district's apparent failure to apply its anti-

---

[2] There is another additional element as well. A section 1981 plaintiff must also identify an impaired contractual relationship under which the plaintiff has rights. <u>Domino's Pizza, Inc. v. McDonald</u>, 546 U.S. 470, 476 (2006). I do not discuss this element because, as explained herein, Plaintiff's failure to establish an official policy, custom, or practice is fatal to her section 1981 claim.

3 - ORDER

discrimination policy to correct the discrimination and harassment provides for the conclusion that it was the district's custom "to treat discrimination complaints in an ad hoc, incompetent manner." Id.

This argument is unavailing for several reasons.  First, Plaintiff's burden is to show that the harassment was pursuant to an official policy, practice, or custom.  Arguing that the district had a custom of ad hoc application of its personnel policies is not the same as arguing that the harassment was pursuant to district custom.  Second, although the district may be liable in the absence of a formal policy permitting the challenged conduct, to establish that the district acted pursuant to a custom Plaintiff must "show a longstanding practice or custom which constitutes the standard operating procedure of the local government entity." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (internal quotations marks omitted); see also Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 404 (1997) ("an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.").  The only argument Plaintiff makes concerns the single instance of the district's response to her complaint.  She fails to show any longstanding practice or custom, either in regard to the application of personnel policies on discrimination or in regard to treatment of Hispanic employees.

Finally, to the extent her argument is based on a failure to train theory, it also fails.  "[A] local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § [1981." Connick v. Thompson, ─── U.S. ───, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011).  But, "[a] municipality's culpability for deprivation of rights is at its most tenuous where a claim

4 - ORDER

turns on a failure to train." Id.  Thus, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purpose of failure to train." Id. at 1360.  Without any evidence of similar conduct by other allegedly untrained employees, Plaintiff fails to create an issue of fact regarding policy, practice, or custom and her section 1981 claim must fail.

## CONCLUSION

The Court ADOPTS IN PART Magistrate Judge Hubel's Findings and Recommendation [#64] as follows:  the Court adopts the Findings & Recommendation except as to the Third Claim for Relief.  Therefore, Defendant's motion for summary judgment [#47] is granted as to Plaintiff's First, Second, Third, and Sixth Claims for Relief, and is denied as to Plaintiff's Fourth and Fifth Claims for Relief.

IT IS SO ORDERED.

DATED this 13 day of December, 2013.

/s/ Marco Hernandez
MARCO A. HERNANDEZ
United States District Judge

5 - ORDER